**The UNITED STATES, Appellant,**

v.

**HANCOCK GROSS, INC., Appellee.**

**Customs Appeal No. 75–7.**

United States Court of Customs and Patent Appeals.

June 12, 1975.

Carla A. Hills, Asst. Atty. Gen., New York City, Irving Jaffe, Acting Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, John J. Mahon, New York City, for the United States.

Allerton deC. Tompkins, New York City, attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

This is an appeal from the judgment of the United States Customs Court, reported at 73 Cust.Ct. 72, C.D. 4555, 383 F.Supp. 832 (1974), sustaining appellee's claim for classification of certain faucet washers within item 773.25 TSUS as gaskets, of rubber or plastics. We affirm.

Involved in the controversy are certain cylindrical washers of rubber or plastics of a size suitable for use in faucets, having two flat surfaces with a cylindrical hole in the middle, or having one flat surface and one slightly beveled surface with a cylindrical hole in the middle. The determinative question is whether these washers are properly classifiable under TSUS item 773.25 as gaskets, of rubber or plastics, dutiable at 9 per centum ad valorem.

It was conceded below by appellant that if the merchandise is properly classified under TSUS item 773.25, then such classification would prevail on the ground of relative specificity over the assigned classification under TSUS item

774.60, as articles, not specially provided for, of rubber or plastics, with duty at 15 per centum ad valorem. In addition, appellant conceded that classification under TSUS item 773.25 would prevail by TSUS general headnote 10(ij) against appellant's alternative claim under TSUS item 680.22, as parts of "hand-operated and check" taps, cocks, valves, and similar devices used to control the flow of liquids, gases, or solids, with duty at 16 per centum ad valorem.

Both parties have agreed to appellant's definition of *gasket* as a deformable material clamped between essentially stationary faces to prevent the passage of matter through an opening or joint. There is no dispute that the washers here considered are of a deformable material and that they are used in operating valves, such as kitchen faucets, basin faucets, bath faucets, shut-off valves and supply valves. Appellant does not dispute that one position of an operating valve, such as those enumerated, is fully closed and that in this position the valve shuts off the flow of water, thereby preventing the passage of water through an opening or joint. It is appellant's position, however, that these washers are not clamped between essentially stationary faces. Appellant notes that these operating valves regulate the flow of water by movement and asserts that this movable aspect of control takes these washers out of the category of "gaskets." We do not agree.

We find the facts in this case quite similar to those in *Arthur J. Fritz & Co. v. United States,* C.A.D. 1036, 452 F.2d 1399, 59 CCPA 46 (1971). In the *Fritz* case the imported articles were sealing rings positioned at the junction of a pipe and a coupling which *expanded* when water was forced through the junction to effect a seal and prevent the seepage or drainage of water at that point. However, when the flow of water was terminated, the ring *relaxed* and permitted water to drain from the pipes. These sealing rings, which *moved* between the dichotomous functions of sealing and draining, were held to be properly classified as gaskets.

We reject here, as we did there, the claim that the imported goods are not gaskets because, in addition to sealing, the washers may, by movement, permit the flow of water through an opening or joint. We note that appellant's definition of gasket requires only that the washers be clamped between "essentially stationary" faces, and not completely stationary faces. We find the washers here considered are clamped between essentially stationary faces in the operating valves enumerated above. Therefore, the washers are gaskets, of rubber or plastics, as provided for in item 773.-25.

The judgment of the Customs Court is affirmed.